UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ANDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01606-CMS |
| | ) | |
| WAL-MART STORES EAST I, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Wal-Mart Stores East I, LP's Motions to Dismiss (Docs. 5, 9) and Plaintiff Robert Lee Anderson, Jr.'s *Pro Se* Motion for Expedited Consideration, Procedural Clarification, Leave to Supplement the Record, and Appropriate Relief (Doc. 8). For the reasons set forth below, the Court grants Defendant's first Motion to Dismiss (Doc. 5), and denies Defendant's second Motion to Dismiss (Doc. 9) and Plaintiff's Motion (Doc. 8).

**BACKGROUND**

**I. Factual Background**

The following allegations from Plaintiff's *pro se* Petition, (Doc. 4), are accepted as true for purposes of this Order. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025).

Plaintiff, a Walmart employee, was assaulted at Walmart Store #1188 in Bridgeton, Missouri. (Doc. 4). Before that assault, Plaintiff informed management of his concerns regarding circumstances at the workplace and was subsequently transferred to "another hostile work environment." *Id.*

## II. Procedural Background

On September 9, 2026, Plaintiff filed his Petition, *pro se*, in the Circuit Court of St. Louis County against Defendant, alleging "Defendant was negligent in failing to exercise reasonable care under the circumstances, resulting in damages to Plaintiff." *Id.*

On October 7, 2026, Defendant filed its Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. 1).

On October 7, 2026, Defendant filed its first Motion to Dismiss, arguing Plaintiff failed to state a claim because the Petition lacks factual allegations. (Doc. 5).

On October 9, 2026, Plaintiff filed his *Pro Se* Motion for Expedited Consideration, Procedural Clarification, Leave to Supplement the Record, and Appropriate Relief (Doc. 8).

On October 12, 2026, Defendant filed its second Motion to Dismiss (Doc. 9), arguing the Court lacks subject matter jurisdiction because the Petition consists of a "personal injury claim of an employee," over which the Missouri Workers' Compensation Commission has exclusive jurisdiction pursuant to Mo. Rev. Stat. § 287.020(1)–(2). (Doc. 9 at 2–3).

On October 15, 2026, Plaintiff filed his Response in Opposition (Doc. 12), arguing that, under Missouri law, the Court does not lack subject matter jurisdiction. (Doc. 12). Plaintiff also seems to request leave to amend his Petition. *Id.*

## LEGAL STANDARDS

## I. Motion to Dismiss

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at 450. That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

### I. Defendant's First Motion to Dismiss

In its first Motion to Dismiss, Defendant argues that Plaintiff fails to allege facts to support his claims. (Doc. 5). Defendant is correct that Plaintiff fails to assert factual allegations to state a claim for relief. Instead, Plaintiff asserts a mere legal conclusion: "Defendant was negligent in failing to exercise reasonable care." (Doc. 4). *See Delker*, 21 F.4th at 1024. In fact, Plaintiff altogether fails to identify even a particular cause of action. Because Plaintiff fails to allege any facts related to the elements necessary to sustain recovery, and fails to allege a cause of action, Defendant's first Motion to Dismiss is granted.

## II. Defendant's Second Motion to Dismiss

In its second Motion to Dismiss, Defendant argues the Court lacks subject matter jurisdiction pursuant to Mo. Rev. Stat. § 287.120 because the Missouri Workers' Compensation Commission has exclusive jurisdiction over personal injury claims by employees. (Doc. 9).

But "the Supreme Court of Missouri clarified in *McCracken* that section 287.120 does not affect the circuit court's subject matter jurisdiction." *Fortenberry v. Buck*, 307 S.W.3d 676, 678–79 (Mo. Ct. App. 2010) (citing *McCracken v. Wal-Mart Stores East, LP*, 298 S.W.3d 473, 474–79 (Mo. banc. 2009)). The Missouri Court of Appeals has explained that "workers' compensation exclusivity must be raised as an affirmative defense," and, therefore, "a defendant, seeking a pre-trial dismissal based on workers' compensation exclusivity[] must file a motion for summary judgment." *Id.* at 679. "[T]o grant summary judgment based on section 287.120, the court must find that there is no genuine dispute as to the existence of each of the facts necessary to support the defendant's affirmative defense." *Id.*

Defendant argues the action should be dismissed for lack of subject matter jurisdiction pursuant to the statute, but the Missouri Supreme Court has stated that courts should treat this argument as an affirmative defense to be taken up in a motion for summary judgment. *McCracken*, 298 S.W.3d at 479–80. Thus, Defendant's second Motion to Dismiss is denied.

## III. Leave to Amend and Dismissal Without Prejudice

In his Response to Defendant's Motion to Dismiss, Plaintiff seems to request leave to amend his Petition. (Doc. 12). His request is not properly before the Court. Plaintiff has not filed a motion for leave to amend his Petition. Nor has Plaintiff submitted a proposed amended complaint, as required by this Court's local rules. *See* E.D. Mo. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for

leave to amend any pleading is filed."). "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response . . . ." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-cv-1513-CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) (citing *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013)).

To the extent Plaintiff seeks leave to amend his Petition, that request is denied. But because Plaintiff is proceeding without counsel, the Court will dismiss the action without prejudice. *See Carlisle v. City of O'Fallon*, No. 4:06-cv-00643-AGF, 2007 WL 2226034, at *6 (E.D. Mo. Aug. 1, 2007) (stating *pro se* plaintiffs should be granted leniency).

## IV. Artificial Intelligence and Sanctions

If Plaintiff opts to file a new complaint with specific factual allegations and an identified cause of action, he should note this Court's order regarding artificial intelligence (AI). By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, **including any portion generated with AI**. *See* Fed. R. Civ. P. 11(b).

Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.

Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise

misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

**Failure to comply with any part of this Order may result in the imposition of sanctions**, including but not limited to non-monetary directives, an order to pay a penalty into court, an award of reasonable attorney's fees and expenses, striking pleadings, dismissal of the action, entry of default judgment, and restrictions on the admissibility of evidence. *See* Local Rule 5.04.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's first Motion to Dismiss (Doc. 5) is **GRANTED**, and this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's second Motion to Dismiss (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend his Petition is **DENIED**.

**IT IS FINALLY ORDERED** that any other pending motions, including Plaintiff's Motion for Expedited Consideration (Doc. 8), are **DENIED** as moot.

The Clerk of Court is directed to close this case.

So ordered this 19th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE